IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, NORTHERN ILLINOIS AND IOWA HEALTH AND WELFARE FUND, ILLINOIS LABORERS' AND CONTRACTORS' JOINT APPRENTICESHIP & TRAINING PROGRAM, NORTHERN ILLINOIS ANNUITY FUND, NORTH CENTRAL ILLINOIS LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST, LABORERS' OF ILLINOIS VACATION FUND, LABORERS' LOCAL 309 BUILDING FUND, and LABORERS' LOCAL 309,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>IV GENERATION MARTIN MASONRY CO.  )<br><br>Defendant.  ) | Case No. |

# COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, IV GENERATION MARTIN MARTIN MASONRY CO., and allege as follows:

1.    This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq*., as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other amounts owed to Plaintiffs.

2.    Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (See, 29 U.S.C. §1132).

1

3. Plaintiff, Central Laborers' Pension Fund, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et seq.* Plaintiff, Central Laborers' Pension Fund, is administered in Jacksonville, Illinois.

4. Plaintiff, Central Laborers' Pension Fund, receives contributions from numerous employers, and therefore, is a multiemployer plan. (See, 29 U.S.C. §1002).

5. The Central Laborers' Pension Fund is the collection agents for the other named Plaintiffs, which are employee benefit funds, labor organizations, labor-management committees/funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

6. That Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5), (11), (12), and (14).

7. Defendant's place of business and address is in Bettendorf, Iowa.

8. Defendant signed a Memorandum of Agreement on October 27, 2000. A copy of the Memorandum of Agreement is attached hereto and incorporated herein as **Exhibit A**.

9. The Memorandum of Agreement bound Defendant to multiple collective bargaining agreements within the jurisdiction of the North Central Illinois Laborers' District Council, which is now known as the Great Plains Laborers' District Council, during the period of October 27, 2000 through current.

10. Defendant never terminated the Memorandum of Agreement.

11. Pursuant to ERISA, 29 U.S.C. §1145, Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Memorandum of Agreement, the applicable collective bargaining agreements, and Plaintiffs' trust documents. Plaintiffs' trust documents, in pertinent part, are attached hereto and incorporated herein as **Exhibits B, C,** and **D**.

12. Defendant employed individuals who are participants in Plaintiffs' employee benefit funds, pursuant to the Memorandum of Agreement.

13. Defendant employed individuals who performed work within the geographical jurisdiction of Plaintiffs, and said individuals performed hours of covered work for which contributions and other amounts are owed to Plaintiffs.

14. Defendant failed to properly and timely pay contributions and other amounts for all hours of covered work performed by Defendant's employees.

15. Defendant breached the Memorandum of Agreement by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs.

16. Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (See, Exhibits B – D).

17. Pursuant to Plaintiffs' trust agreements, Plaintiffs are authorized and empowered to examine the payroll books and records of Defendant to determine whether the employer remitted the required payments.

18. Plaintiffs conducted two fringe benefit/payroll compliance audits of Defendant. The first fringe benefit/payroll compliance audit covered the period of January 1, 2009 through March 31, 2013, which identified certain and determinable amounts owed by Defendant. The audit report is attached hereto as **Exhibit E.**

19. The second fringe benefit/payroll compliance audit covered the period of April 1, 2013 through December 31, 2017, which identified certain and determinable amounts owed by Defendant. The audit report is attached hereto as **Exhibit F.**

20. Based upon the two audit reports, less amounts previously paid by Defendant, Plaintiffs have determined that Defendant owes Plaintiffs contributions, check-offs, liquidated damages, and audit costs in the amount of $51,133.91.

21. In addition to the liability identified in the audit report, Defendant failed to remit additional contributions and other amounts for the month of May 2016 (that is, the Defendant had a shortage on its report form) in the amount of $331.65.

22. Further, Defendant failed to timely submit its report forms and corresponding contributions for various months in 2015 and 2016, which resulted in liquidated damages of $4,421.10.

23. Pursuant to Plaintiffs' trust agreements and 29 U.S.C. §1145, Plaintiffs have assessed liquidated damages.

24. Defendant owes liquidated damages in the amount of 10% of the delinquent contributions.

25. A breakdown showing the total known amount owed, which already takes into account amounts previously received, is attached hereto and incorporated herein as **Exhibit G**. Exhibit G shows that Defendant owes an amount of $55,886.66 in contributions, check-offs, liquidated damages, and audit costs.

26. Pursuant to the terms of Plaintiffs' trust agreements, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses, such as audit costs, incurred by Plaintiffs in the collection of the amounts owed.

27.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*          \*          \*
>
> **(2)**     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> **(A)**     the unpaid contributions,
>>
>> **(B)**     interest on the unpaid contributions,
>>
>> **(C)**     an amount equal to the greater of –
>>
>>> **(i)**     interest on the unpaid contributions, or
>>> **(ii)**     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> **(D)**     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> **(E)**     such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment be entered in favor of the Plaintiffs and against Defendant for all such monies found to be due—including delinquent contributions, check-offs, liquidated damages, interest, audit costs, attorney fees, court costs, and all applicable statutory remedies pursuant to 29 U.S.C. §1132(g)(2) for the period of January 1, 2009 through December 31, 2017 2017—at the time Judgment is rendered;

B. Specifically, that Defendant is decreed to pay to Plaintiffs $55,886.66 in fringe benefit contributions, check-offs, liquidated damages, and audit costs, plus any other amounts found to be owing at the time judgment is entered;

C. That Defendant be decreed to pay Plaintiffs their reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' trust agreements;

D. That Defendant be decreed to pay all costs attendant to these proceedings; and

E. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's costs.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,

By: _____s/ Timothy J. Shrake II_____
TIMOTHY J. SHRAKE II
**CAVANAGH & O'HARA LLP**
2319 W. Jefferson Street
Springfield, IL 62702
Telephone: (217) 544-1771
Fax: (217) 544-9894
timshrake@cavanagh-ohara.com